Joseph C. Andras (State Bar # 138181)
*andras@myersandras.com*
MYERS ANDRAS LLP
19900 MacArthur Blvd., Suite 1150
Irvine, CA 92612
Phn: (949) 223-9600
Fax: (949) 223-9610

Phillip Ashman (State Bar #145136)
*pashman@mcqueenashman.com*
Brian A. Kumamoto (State Bar #156398)
*bkumamoto@mcqueenashman.com*
McQUEEN & ASHMAN LLP
19900 MacArthur Blvd., Suite 1150
Irvine, CA 92612
Phn: (949) 223-9601
Fax: (949) 223-9611

Attorneys for Plaintiffs
Paramount Restyling Automotive Inc. and
Warner Science Applications

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

PARAMOUNT RESTYLING AUTOMOTIVE INC., a California corporation; and WARNER SCIENCE APPLICATIONS, a California corporation,

Plaintiffs,

vs.

GALAXY MOTO INC., a California corporation; GC INNOVATION, a California corporation; RAZER AUTO, INC., a California corporation; GARRY CHING, an individual; JESSICA CHING, an individual; LINDA CHIU, an individual; JENNIFER CHI, an individual; SAMUEL CHI, an individual; and DOES 1 through 10,

Defendants.

Case No. 5:17-CV-1102

**COMPLAINT FOR COPYRIGHT INFRINGEMENT; VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT; UNFAIR BUSINESS PRACTICES; AND INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

[DEMAND FOR JURY TRIAL]

Plaintiffs Paramount Restyling Automotive Inc. and Warner Science Applications, for their complaint, alleges as follows

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 *et seq.*

2. This Court has jurisdiction of this action under 28 U.S.C. § 1331, 1338(a) and (b).

3. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(a).

## THE PARTIES

**Plaintiffs**

4. Plaintiff PARAMOUNT RESTYLING AUTOMOTIVE INC. (hereinafter "Paramount") is a California corporation with its principal place of business at 1410 E. Holt Blvd., Ontario, CA 91761, within this Judicial District.

5. Plaintiff WARNER SCIENCE APPLICATIONS (hereinafter "Warner") is a California corporation which also has its principal place of business at 1410 E. Holt Blvd., Ontario, CA 91761, within this Judicial District. Paramount and Warner are sometimes collectively referred to hereinafter as "Plaintiffs."

**Defendants**

6. Plaintiffs are informed and believe, and on that basis allege, that Defendant GALAXY MOTO INC. (hereinafter "Galaxy") is a California corporation having a private mail box address in The UPS Store at 2910 S. Archibald Ave. #A119, Ontario, CA 91761, and is doing business within this Judicial District.

7. Plaintiffs are informed and believe, and on that basis allege, that Defendant GC INNOVATION. (hereinafter "GCI") is a California corporation having a private mail box address in The UPS Store at 7056 Archibald Ave. Ste #102-161, Corona, CA 92880, and is doing business within this Judicial District.

8. Plaintiffs are informed and believe, and on that basis allege, that Defendant RAZER AUTO, INC. (hereinafter "Razer") is a California corporation having a private mail box address in The UPS Store at 1042 N. Mountain Ave. #B764, Upland, CA 91786, and is doing business within this Judicial District.

9. Plaintiffs are informed and believe, and on that basis allege, that Defendant GARRY CHING (hereinafter "Garry Ching") is an individual residing at 6856 Gypsum Creek Dr., Corona, CA 92880, and is also known as Garry Ang Ching.

10. Plaintiffs are informed and believe, and on that basis allege, that Defendant JESSICA CHING (hereinafter "Jessica Ching") is an individual residing at 6856 Gypsum Creek Dr., Corona, CA 92880, and is also known as Jessica Hueiling Ching and Jessica Huiling Chen.

11. Plaintiffs are informed and believe, and on that basis allege, that Defendant LINDA CHIU (hereinafter "Linda Chiu") is an individual residing at 1310 Brookside Court, Upland, CA 91784, and is also known as Linda L. Chiu and Linda Lien-Chao Chiu.

12. Plaintiffs are informed and believe, and on that basis allege, that Defendant JENNIFER CHI (hereinafter "Jennifer Chi") is an individual residing at 1693 W. Andes Dr., Upland, CA 91784, and is also known as Jennifer Yi-Ling Chi and Jennifer Yi-Ling Chen.

13. Plaintiffs are informed and believe, and on that basis allege, that Defendant SAMUEL CHI (hereinafter "Samuel Chi") is an individual residing at 1693 W. Andes Dr., Upland, CA 91784.

14. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiffs' copyrights, have contributed to the infringement of Plaintiffs' copyrights, and/or have engaged in one or more of the wrong practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants DOES 1 through 10, inclusive, are presently unknown to Plaintiffs, which therefore sue said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

15. Plaintiffs are informed and believe, and on that basis allege, that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting with the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiffs' rights and the damages to Plaintiffs proximately caused thereby.

16. Defendant Galaxy, GCI, Razer, Garry Ching, Jessica Ching, Linda Chiu, Jennifer Chi, Samuel Chi, and DOES 1 through 10 are sometimes collectively hereinafter "Defendants."

## FACTUAL ALLEGATIONS

### Introduction to the Plaintiffs

17. Plaintiffs Paramount and Warner are closely held corporations that physically share a building, and work closely together.

18. Plaintiffs sell automotive accessories such as front bumpers, rear bumpers, side steps, tire carriers, grilles, and LED light bars.

MYERS ANDRAS LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

19. Paramount is and, at all times relevant to the matters alleged in this complaint, was engaged in the business of importing and wholesaling automotive accessories, selling such accessories to third-party retailers who resell to consumers in association with the Paramount brand, and to Warner who resells, online, to consumers in association with brands other than Paramount.

20. Warner is and, at all times relevant to the matters alleged in this complaint, was engaged in the business of selling automotive accessories to consumers by buying such accessories from Paramount and listing them in "Online Listings" within the online sales facilities provided by Amazon.com, Inc. ("Amazon") and eBay Inc. ("eBay").

**The Copyrighted Works**

21. Paramount owns the following collections ("SUBJECT COLLECTIONS") of high quality product photos which show automotive accessories installed on various vehicles or in isolation, complied with all of the laws pertinent to the SUBJECT COLLECTIONS as copyrighted works, and duly registered its claims therefore in the U.S. Copyright Office as shown in the applications and/or registrations set forth in **Exhibit 1**, summarized as follows:

| Prefix | Subject | App. No. | Reg. No. | Pages |
|---|---|---|---|---|
| C | Jeep 4-Door Green 2014 | 1-3815813159 | VAu1258979 | 47 |
| D | Jeep 4-Door Yellow 2014 (set 1) | 1-3815873241 | VAu1258976 | 30 |
| F | Jeep 4-Door White | 1-3815873355 | VAu1258973 | 22 |
| G | Jeep 4-Door Yellow 2014 (set 2) | 1-4621124552 | VAu1272468 | 41 |
| H | Jeep 4-Door Blue 2014 (set 2) | 1-4623285662 | VAu1272469 | 42 |
| I | Jeep 2-Door Red 2010 | 1-4623285736 | VAu1272463 | 86 |
| J | Dodge Ram Black | 1-4623285819 | VAu1272465 | 6 |
| K | Ford F150 Silver 2014 | 1-4623285902 | VAu1272451 | 12 |
| L | 2015 Dimensioned Product Photos | 1-5210062686 | pending | 3 |
| M | 2016 Dimensioned Product Photos | 1-5210062808 | pending | 19 |

MYERS ANDRAS LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

**The Creation and Use of the Copyrighted Works**

22. Paramount owns an onsite studio including a large, vehicle-size photo stage, plus equipment such as cameras, tripods, backdrops, and overhead lighting panels. Paramount also employs a photographer who frequently uses the onsite studio, often with the help of assistants, to conduct photo shoots, i.e. to take pictures of Jeeps and other vehicles it owns or borrows to create the SUBJECT COLLECTIONS. Paramount is the author and copyright owner of the SUBJECT COLLECTIONS under the work-for-hire doctrine of the U.S. Copyright Law.

23. During a photo shoot, spanning hours, days or even weeks, the assistants use mechanics' tools to laboriously install and remove a series of automotive accessories onto and then back off of a particular vehicle and, in between changes to the vehicle, the photographer shoots pictures from varying perspectives (from different sides, heights and distances) to create well lit, high resolution, and high quality product photos that prominently feature the vehicle outfitted with the automotive accessories being sold by Paramount and Warner.

24. Paramount uses the product photos from the SUBJECT COLLECTIONS for supporting its own wholesale sales, and has at all times relevant hereto given Warner an exclusive license to use the product photos for online retail sales.

25. Warner routinely uses the product photos in its Online Listings on Amazon and eBay because they enable potential purchasers to visually review the appearance, construction and quality of the automotive accessories, and to mentally visualize the automotive accessories installed on their own vehicles.

26. Warner's online retail sales via Amazon and eBay are largely enabled by the product photos and these online sales provide Warner and Paramount with significant revenue streams and related profits.

MYERS ANDRAS LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

**Introduction to the Defendants**

27. Plaintiffs are informed and believe, and on that basis allege, that Defendants compete with Plaintiffs in the electronic marketplace for automotive accessories.

**Defendant Garry Ching**

28. From August 2010 through January 2015, Warner employed Garry Ching as its *E-Commerce Sales Manager* and he managed Warner's online retail sales on Amazon and/or eBay.

29. As Warner's *E-Commerce Sales Manager*, Garry Ching's duties included creating "Online Listings" within the online sales facilities provided by Amazon and/or eBay; identifying and gathering product photos from the SUBJECT COLLECTIONS for use in the Online Listings, receiving customer orders from Amazon and/or eBay; communicating orders to Paramount employees for fulfillment on behalf of Warner, and electronically communicating with potential or existing customers on a day to day basis regarding the products, shipping, returns, etc.

**Defendants Jessica Ching, Linda Chiu, Jennifer Chi, and Samuel Chi**

30. Plaintiffs are informed and believe, and on that basis allege, that Garry Ching, Jessica Ching, Linda Chiu, Jennifer Chi, and Samuel Chi are related to one another by marriage or blood, e.g. as husband and wife, as daughter and mother, as son-in-law and mother-in-law, as sisters, as sister-in-law, or as brother-in-law – e.g. Garry Ching and Jessica Ching are husband and wife; Linda Chiu is Jessica Ching's Mother and Garry Ching's mother-in-law; Jennifer Chi is Jessica Ching's sister and Garry Ching's sister-in-law; and Samuel Chi is Jennifer Chi's husband and Garry Ching's brother-in-law.

MYERS ANDRAS LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

31. Plaintiffs are informed and believe, and on that basis allege, that beginning at least as early as 2012, while Garry Ching was still employed by Warner, Garry Ching, Jessica Ching, Linda Chiu, Jennifer Chi, and/or Samuel Chi began to take actions to form their own competing business for making online retail sales of automotive accessories, based on Garry Ching's insider knowledge of Warner's business, where he continued to work.

**Defendant Galaxy Moto, Inc. ("Galaxy")**

32. Plaintiffs are informed and believe, and on that basis allege, that Defendants formed Galaxy for making online retail sales of automotive accessories in competition with Paramount and Warner.

33. Plaintiffs are informed and believe, and on that basis allege, that in about 2012, while Garry Ching was still employed by Warner, the Defendants established a private mail box address for Galaxy with The UPS Store at 2910 S. Archibald Ave. #A119, Ontario, CA 91761.

34. Plaintiffs are informed and believe, and on that basis allege, that on or about September 13, 2012, while Garry Ching was still employed by Warner, his wife Jessica Ching executed articles of incorporation and Defendants filed those articles with the California Secretary of State to form Galaxy.

35. Plaintiffs are informed and believe, and on that basis allege, that on or about November 25, 2013, while Garry Ching was still employed by Warner, his mother-in-law Linda Chiu signed and the Defendants filed a corporate Statement of Information that excluded Garry Ching and Jessica Ching and identified only Linda Chiu as holding all officer positions (CEO, Secretary, and CFO) and only Linda Chiu as the sole Director of Galaxy.

36. Plaintiffs are informed and believe, and on that basis allege, that at all times relevant hereto, that Defendants Garry Ching, Jessica Ching, Linda Chiu, Jennifer Chi, and/or Samuel Chi owned and operated Galaxy.

MYERS ANDRAS LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

**Defendant Razer Auto, Inc. ("Razer")**

37. Plaintiffs are informed and believe, and on that basis allege, that Defendants formed Razer for making wholesale sales of automotive accessories in competition with Paramount and Warner.

38. Plaintiffs are informed and believe, and on that basis allege, that in about 2012, while Garry Ching was still employed by Warner, the Defendants established a private mail box address for Razer in The UPS Store at 1042 N. Mountain Ave. #B764, Upland, CA 91786.

39. Plaintiffs are informed and believe, and on that basis allege, that on or about August 2, 2012, while Garry Ching was still employed by Warner, his sister-in-law Jennifer Chi executed articles of incorporation and Defendants filed those articles with the California Secretary of State to form Razer.

40. Plaintiffs are informed and believe, and on that basis allege, that on or about December 26, 2013, while Garry Ching was still employed by Warner, his brother-in-law Samuel Chi signed and the Defendants filed a corporate Statement of Information that excluded Garry Ching, Jessica Ching, and Jennifer Chi and identified only Samuel Chi as holding all officer positions (CEO, Secretary, and CFO) and only Samuel Chi as the sole Director of Galaxy.

41. Plaintiffs are informed and believe, and on that basis allege, that at all times relevant hereto, Defendants Garry Ching, Jessica Ching, Linda Chiu, Jennifer Chi, and/or Samuel Chi owned and operated Razer.

**Defendant GC Innovation ("GCI")**

42. Plaintiffs are informed and believe, and on that basis allege, that on or about May 23, 2013, while Garry Ching was still employed by Warner, Defendants formed GCI for making online retail sales of automotive accessories in competition with Warner.

MYERS ANDRAS LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

43. Plaintiffs are informed and believe, and on that basis allege, that GCI operates an eBay store under the name AutoKingdom, aka autopartskingdom.

44. Plaintiffs are informed and believe, and on that basis allege, that at all times relevant hereto, Defendants Garry Ching, Jessica Ching, Linda Chiu, Jennifer Chi, and/or Samuel Chi owned and operated GCI.

**Online Stores and User IDs**

45. Plaintiffs are informed and believe, and on that basis allege, that at all times relevant hereto, Defendants and each of them owned, operated, and/or benefited from copyright infringements committed in association with numerous "Online Stores" and/or "User IDs" (aka "eBay IDs" or "Amazon IDs") including, but not limited to the following eBay IDs:

1. *GalaxyMotoInc*
2. *restylingfactory*
3. *DoctorChrome*
4. *AutoKingdom* (aka *autopartskingdom*)

and the following Amazon IDs:

1. *RestylingFactory*
2. *GSI Group*
3. *Razer Auto*

**The Infringement**

46. Plaintiffs have recently observed hundreds, possibly thousands, of listings on Amazon and eBay, under Defendants' User IDs, that deliberately use unauthorized copies of product photos ("Unauthorized Copies") from the SUBJECT COLLECTIONS to sell copied products that do not originate from Paramount or Warner (hereinafter "Infringing Listings"). Several examples of the Defendants' Infringing Listings are attached hereto in **Exhibit 2**.

MYERS ANDRAS LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

47. As shown in **Exhibit 2**, the Unauthorized Copies in the Infringing Listings are often "Photoshopped" or digitally edited in a deliberate effort to hide the copying (e.g. by cropping the photo differently that the original, by changing the color of the vehicle, by pasting a different accessory onto the vehicle, or by adding a "watermark" to the Unauthorized Copies as if they were original photos that were authored and owned by Defendants rather than Unauthorized Copies.

## **Claims Relating to Photographic Collection C**

### **Jeep 4-Door Green 2014**

48. Plaintiffs hold a valid copyright in an original work of authorship styled "Jeep JK Green 2014 – Collection of Photographs" ("SUBJECT COLLECTION C"), and have registered that work with the United States Copyright Office as shown in **Exhibit 1** (application no. 1-3815813159, registration no. VAu1258979).

49. Plaintiffs use photographs from SUBJECT COLLECTION C to market the depicted accessories on Amazon and eBay.

50. Plaintiffs found unauthorized copies of the photographs from SUBJECT COLLECTION C being used in the electronic marketplace, as exemplified by **Exhibit 2**, to market knockoffs of the depicted accessories that do not originate from Paramount or Warner.

51. Defendants, and each of them, had access to the SUBJECT COLLECTION C and there is substantial similarity between the unauthorized copies and corresponding photographs in the SUBJECT COLLECTION C**.**

52. Sections 106(1) and 501(a) of the Copyright Act provide that it is copyright infringement to "reproduce" copies of the copyrighted work. Sections 106(2) and 501(a) provide that it is copyright infringement to produce "derivative" works based on the copyrighted work. Defendants, and each of them, have reproduced illegal copies and/or created derivative works by crudely changing the

MYERS ANDRAS LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

color of the pictured vehicle, adding their own watermark, etc. In doing so, Defendants have violated Plaintiff's copyrights in SUBJECT COLLECTION C.

## Claims Relating to Photographic Collection D

### Jeep 4-Door Yellow 2014 (set 1)

53. Plaintiffs hold a valid copyright in an original work of authorship styled "Jeep JK Yellow 2014 – Collection of Photographs" ("SUBJECT COLLECTION D"), and have registered that work with the United States Copyright Office as shown in **Exhibit 1** (application no. 1-3815873241, registration no. VAu1258976).

54. Plaintiffs use photographs from SUBJECT COLLECTION D to market the depicted accessories on Amazon and eBay.

55. Plaintiffs found unauthorized copies of the photographs from SUBJECT COLLECTION D being used in the electronic marketplace, as exemplified by **Exhibit 2**, to market knockoffs of the depicted accessories that do not originate from Paramount or Warner.

56. Defendants, and each of them, had access to the SUBJECT COLLECTION D and there is substantial similarity between the unauthorized copies and corresponding photographs in the SUBJECT COLLECTION D.

57. Sections 106(1) and 501(a) of the Copyright Act provide that it is copyright infringement to "reproduce" copies of the copyrighted work. Sections 106(2) and 501(a) provide that it is copyright infringement to produce "derivative" works based on the copyrighted work. Defendants, and each of them, have reproduced illegal copies and/or created derivative works by crudely changing the color of the pictured vehicle, adding their own watermark, etc. In doing so, Defendants have violated Plaintiff's copyrights in SUBJECT COLLECTION D.

MYERS ANDRAS LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

**Claims Relating to Photographic Collection F**

**Jeep 4-Door White**

58. Plaintiffs hold a valid copyright in an original work of authorship styled "Jeep JK White Paramount 4 Door – Collection of Photographs" ("SUBJECT COLLECTION F"), and have registered that work with the United States Copyright Office as shown in Exhibit 1 (application no. 1-3815873355, registration no. VAu1258973).

59. Plaintiffs use photographs from SUBJECT COLLECTION F to market the depicted accessories on Amazon and eBay.

60. Plaintiffs found unauthorized copies of the photographs from SUBJECT COLLECTION F being used in the electronic marketplace, as exemplified by **Exhibit 2**, to market knockoffs of the depicted accessories that do not originate from Paramount or Warner.

61. Defendants, and each of them, had access to the SUBJECT COLLECTION F and there is substantial similarity between the unauthorized copies and corresponding photographs in the SUBJECT COLLECTION F**.**

62. Sections 106(1) and 501(a) of the Copyright Act provide that it is copyright infringement to "reproduce" copies of the copyrighted work. Sections 106(2) and 501(a) provide that it is copyright infringement to produce "derivative" works based on the copyrighted work. Defendants, and each of them, have reproduced illegal copies and/or created derivative works by crudely changing the color of the pictured vehicle, adding their own watermark, etc. In doing so, Defendants have violated Plaintiff's copyrights in SUBJECT COLLECTION F.

**Claims Relating to Photographic Collection G**

**Jeep 4-Door Yellow 2014 (set 2)**

63. Plaintiffs hold a valid copyright in an original work of authorship styled "Jeep JK Yellow – Collection of Photographs (2)" ("SUBJECT

COLLECTION G"), and have registered that work with the United States Copyright Office as shown in Exhibit 1 (application no. 1-4621124552, registration no. VAu1272468).

64. Plaintiffs use photographs from SUBJECT COLLECTION G to market the depicted accessories on Amazon and eBay.

65. Plaintiffs found unauthorized copies of the photographs from SUBJECT COLLECTION G being used in the electronic marketplace, as exemplified by **Exhibit 2**, to market knockoffs of the depicted accessories that do not originate from Paramount or Warner.

66. Defendants, and each of them, had access to the SUBJECT COLLECTION G and there is substantial similarity between the unauthorized copies and corresponding photographs in the SUBJECT COLLECTION G**.**

67. Sections 106(1) and 501(a) of the Copyright Act provide that it is copyright infringement to "reproduce" copies of the copyrighted work. Sections 106(2) and 501(a) provide that it is copyright infringement to produce "derivative" works based on the copyrighted work. Defendants, and each of them, have reproduced illegal copies and/or created derivative works by crudely changing the color of the pictured vehicle, adding their own watermark, etc. In doing so, Defendants have violated Plaintiff's copyrights in SUBJECT COLLECTION G.

## **<u>Claims Relating to Photographic Collection H</u>**

### **Jeep 4-Door Blue 2014**

68. Plaintiffs hold a valid copyright in an original work of authorship styled "Jeep JK Blue 2014 – Collection of Photographs (2)" ("SUBJECT COLLECTION H"), and have registered that work with the United States Copyright Office as shown in Exhibit 1 (application no. 1-4623285662, registration no. VAu1272469).

69. Plaintiffs use photographs from SUBJECT COLLECTION H to market the depicted accessories on Amazon and eBay.

70. Plaintiffs found unauthorized copies of the photographs from SUBJECT COLLECTION H being used in the electronic marketplace, as exemplified by **Exhibit 2**, to market knockoffs of the depicted accessories that do not originate from Paramount or Warner.

71. Defendants, and each of them, had access to the SUBJECT COLLECTION H and there is substantial similarity between the unauthorized copies and corresponding photographs in the SUBJECT COLLECTION H**.**

72. Sections 106(1) and 501(a) of the Copyright Act provide that it is copyright infringement to "reproduce" copies of the copyrighted work. Sections 106(2) and 501(a) provide that it is copyright infringement to produce "derivative" works based on the copyrighted work. Defendants, and each of them, have reproduced illegal copies and/or created derivative works by crudely changing the color of the pictured vehicle, adding their own watermark, etc. In doing so, Defendants have violated Plaintiff's copyrights in SUBJECT COLLECTION H.

## Claims Relating to Photographic Collection I

### Jeep 2-Door Red 2010

73. Plaintiffs hold a valid copyright in an original work of authorship styled "Jeep JK Red 2010 – Collection of Photographs" ("SUBJECT COLLECTION I"), and have registered that work with the United States Copyright Office as shown in Exhibit 1 (application no. 1-4623285736, registration no. VAu1272463).

74. Plaintiffs use photographs from SUBJECT COLLECTION I to market the depicted accessories on Amazon and eBay.

75. Plaintiffs found unauthorized copies of the photographs from SUBJECT COLLECTION I being used in the electronic marketplace, as

MYERS ANDRAS LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

exemplified by **Exhibit 2**, to market knockoffs of the depicted accessories that do not originate from Paramount or Warner.

76. Defendants, and each of them, had access to the SUBJECT COLLECTION I and there is substantial similarity between the unauthorized copies and corresponding photographs in the SUBJECT COLLECTION I**.**

77. Sections 106(1) and 501(a) of the Copyright Act provide that it is copyright infringement to "reproduce" copies of the copyrighted work. Sections 106(2) and 501(a) provide that it is copyright infringement to produce "derivative" works based on the copyrighted work. Defendants, and each of them, have reproduced illegal copies and/or created derivative works by crudely changing the color of the pictured vehicle, adding their own watermark, etc. In doing so, Defendants have violated Plaintiff's copyrights in SUBJECT COLLECTION I.

## Claims Relating to Photographic Collection J

### Dodge Ram Black

78. Plaintiffs hold a valid copyright in an original work of authorship styled "Dodge Ram Black – Collection of Photographs" ("SUBJECT COLLECTION J"), and have registered that work with the United States Copyright Office as shown in Exhibit 1 (application no. 1-4623285819, registration no. VAu1272465).

79. Plaintiffs use photographs from SUBJECT COLLECTION J to market the depicted accessories on Amazon and eBay.

80. Plaintiffs found unauthorized copies of the photographs from SUBJECT COLLECTION J being used in the electronic marketplace, as exemplified by **Exhibit 2**, to market knockoffs of the depicted accessories that do not originate from Paramount or Warner.

81. Defendants, and each of them, had access to the SUBJECT COLLECTION J and there is substantial similarity between the unauthorized copies and corresponding photographs in the SUBJECT COLLECTION J.

82. Sections 106(1) and 501(a) of the Copyright Act provide that it is copyright infringement to "reproduce" copies of the copyrighted work. Sections 106(2) and 501(a) provide that it is copyright infringement to produce "derivative" works based on the copyrighted work. Defendants, and each of them, have reproduced illegal copies and/or created derivative works by crudely changing the color of the pictured vehicle, adding their own watermark, etc. In doing so, Defendants have violated Plaintiff's copyrights in SUBJECT COLLECTION J.

## Claims Relating to Photographic Collection K

### Ford F-150 Silver 2014

83. Plaintiffs hold a valid copyright in an original work of authorship styled "Ford F-150 Silver 2014 – Collection of Photographs" ("SUBJECT COLLECTION K"), and have registered that work with the United States Copyright Office as shown in Exhibit 1 (application no. 1-4623285902, registration no. VAu1272451).

84. Plaintiffs use photographs from SUBJECT COLLECTION K to market the depicted accessories on Amazon and eBay.

85. Plaintiffs found unauthorized copies of the photographs from SUBJECT COLLECTION K being used in the electronic marketplace, as exemplified by **Exhibit 2**, to market knockoffs of the depicted accessories that do not originate from Paramount or Warner.

86. Defendants, and each of them, had access to the SUBJECT COLLECTION K and there is substantial similarity between the unauthorized copies and corresponding photographs in the SUBJECT COLLECTION K.

MYERS ANDRAS LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

87. Sections 106(1) and 501(a) of the Copyright Act provide that it is copyright infringement to "reproduce" copies of the copyrighted work. Sections 106(2) and 501(a) provide that it is copyright infringement to produce "derivative" works based on the copyrighted work. Defendants, and each of them, have reproduced illegal copies and/or created derivative works by crudely changing the color of the pictured vehicle, adding their own watermark, etc. In doing so, Defendants have violated Plaintiff's copyrights in SUBJECT COLLECTION K.

## Claims Relating to Photographic Collection L

**2015 Collection of Dimensioned Product Photos**

88. Plaintiffs hold a valid copyright in an original work of authorship styled "2015 Collection of Dimensioned Product Photos" ("SUBJECT COLLECTION L"), and have registered that work with the United States Copyright Office as shown in Exhibit 1 (application no. 1-5210062686, registration pending).

89. Plaintiffs use photographs from SUBJECT COLLECTION L to market the depicted accessories on Amazon and eBay.

90. Plaintiffs found unauthorized copies of the photographs from SUBJECT COLLECTION L being used in the electronic marketplace, as exemplified by Exhibit 2, to market knockoffs of the depicted accessories that do not originate from Paramount or Warner.

91. Defendants, and each of them, had access to the SUBJECT COLLECTION L and there is substantial similarity between the unauthorized copies and corresponding photographs in the SUBJECT COLLECTION L.

92. Sections 106(1) and 501(a) of the Copyright Act provide that it is copyright infringement to "reproduce" copies of the copyrighted work. Sections 106(2) and 501(a) provide that it is copyright infringement to produce "derivative" works based on the copyrighted work. Defendants, and each of them, have

reproduced illegal copies and/or created derivative works by crudely changing the color of the pictured vehicle, adding their own watermark, etc. In doing so, Defendants have violated Plaintiff's copyrights in SUBJECT COLLECTION L.

**Claims Relating to Photographic Collection M**

**2016 Collection of Dimensioned Product Photos**

93. Plaintiffs hold a valid copyright in an original work of authorship styled "2016 Collection of Dimensioned Product Photos" ("SUBJECT COLLECTION M"), and have registered that work with the United States Copyright Office as shown in Exhibit 1 (application no. 1-5210062808, registration pending).

94. Plaintiffs use photographs from SUBJECT COLLECTION M to market the depicted accessories on Amazon and eBay.

95. Plaintiffs found unauthorized copies of the photographs from SUBJECT COLLECTION M being used in the electronic marketplace, as exemplified by Exhibit 2, to market knockoffs of the depicted accessories that do not originate from Paramount or Warner.

96. Defendants, and each of them, had access to the SUBJECT COLLECTION M and there is substantial similarity between the unauthorized copies and corresponding photographs in the SUBJECT COLLECTION M.

97. Sections 106(1) and 501(a) of the Copyright Act provide that it is copyright infringement to "reproduce" copies of the copyrighted work. Sections 106(2) and 501(a) provide that it is copyright infringement to produce "derivative" works based on the copyrighted work. Defendants, and each of them, have reproduced illegal copies and/or created derivative works by crudely changing the color of the pictured vehicle, adding their own watermark, etc. In doing so, Defendants have violated Plaintiff's copyrights in SUBJECT COLLECTION M.

**FIRST CLAIM FOR RELIEF**

**(For Copyright Infringement – Against All Defendants)**

98. Plaintiffs repeat, re-allege, and incorporate by reference as though fully set forth herein, the allegations contained in paragraphs 1 through 97, inclusive, of this Complaint.

99. On information and belief, Defendants, and each of them, accessed the SUBJECT COLLECTION through, without limitation: (a) access to Warner's "Detail Pages" on Amazon; and/or (b) access to Plaintiffs' digital files.

100. On information and belief, Defendants, and each of them, infringed Plaintiffs' copyrights by creating, making, and/or developing works infringing the Subject Photographs.

101. Due to Defendants' acts of infringement, Plaintiffs have suffered substantial damages to their businesses in an amount to be established at trial.

102. Due to Defendants' acts of infringement, Plaintiffs have suffered general and special damages to their businesses in amounts to be established at trial.

103. Due to Defendants' acts of infringement, Defendants, and each of them, have obtained direct and indirect profits they would otherwise not have realized but for their infringement of the SUBJECT COLLECTIONS. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the SUBJECT COLLECTIONS, in an amount to be established at trial.

MYERS ANDRAS LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

**SECOND CLAIM FOR RELIEF**

**(For Vicarious and/or Contributory Copyright Infringement – Against All Defendants)**

104. Plaintiffs repeat, re-allege, and incorporate by reference as though fully set forth herein, the allegations contained in paragraphs 1 through 103, inclusive, of this Complaint.

105. Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, knowingly induced, participated in, aided and abetted, and resultantly profited from the illegal reproduction, and/or creation of derivative works based on the SUBJECT COLLECTIONS as alleged herein.

106. Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

107. By reason of the Defendants', and each of their, acts of contributory and/or vicarious infringement as alleged above, Plaintiffs have suffered and will continue to suffer substantial damages to their businesses in amounts to be established at trial.

108. By reason of the Defendants', and each of their, acts of contributory and/or vicarious infringement as alleged above, Plaintiffs have suffered and will continue to suffer general and special damages to their businesses in amounts to be established at trial.

109. Due to Defendants' acts of contributory and/or vicarious copyright infringement, Defendants, and each of them, have obtained direct and indirect profits they would otherwise not have realized but for their infringement of the Subject Photographs. As such, Plaintiffs are entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Photographs, in amounts to be established at trial.

**THIRD CLAIM FOR RELIEF**

**(For Unfair Business Practices [Business and Professions Code 17200 et seq.])**

110. Plaintiffs repeat, re-allege, and incorporate by reference as though fully set forth herein, the allegations contained in paragraphs 1 through 109, inclusive, of this Complaint.

111. The foregoing conduct of Defendants and their representatives, in addition to constituting those other wrongs as set forth herein, also constitutes unfair, unlawful and/or fraudulent business practices, and unfair, deceptive, untrue or misleading advertising under California Business and Professions Code section 17200, et seq., as those statutes have been interpreted under California law with respect to Defendants' and their representatives' misconduct and actions. Specifically, and among other things, Plaintiffs are informed and believe that Defendants and their representatives knowingly and maliciously have engaged in a pattern of improper, deceptive, abusive and unconscionable conduct against Plaintiffs and the general public. Plaintiffs are informed and believe that Defendants and their representatives have engaged in this conduct in order to, among other things, deceive the public and to profit by wrongfully injuring Plaintiffs' businesses.

112. Plaintiffs bring this cause of action on behalf of themselves and on behalf of the general public. In that regard, Plaintiffs seek injunctive relief to prevent an ongoing pattern of such unfair, unlawful and/or fraudulent business practices, and unfair, deceptive, untrue or misleading advertising on the part of Defendants.

113. As a direct and proximate result of the acts of Defendants and their representatives, as set forth herein, Plaintiffs have been injured in amounts as of yet unascertained but to be determined at or prior to the time of trial. Plaintiffs claim all rights and remedies available to them under California Business and Professions Code section 17200 et seq.

MYERS ANDRAS LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

114. Plaintiffs also request injunctive relief against Defendants and their representatives with respect to further unfair, unlawful and/or fraudulent business practices and unfair, deceptive, untrue or misleading advertising, as well as restitutionary damages, as allowed by law, and the disgorgement of funds wrongfully collected by Defendants and their representatives as a result of their unfair, unlawful and/or fraudulent business practices and unfair, deceptive, untrue or misleading advertising.

## FOURTH CLAIM FOR RELIEF

### (Intentional Interference with Prospective Economic Advantage)

115. Plaintiffs repeat, re-allege, and incorporate by reference as though fully set forth herein, the allegations contained in paragraphs 1 through 114, inclusive, of this Complaint.

116. At all times relevant to this matter, Plaintiffs possessed a prospective economic interest in their relationships with their numerous existing customers and future prospective customers, as well as an economic interest in the businesses they have developed. The level of profitability of Plaintiffs' businesses represent the current economic benefits of the Plaintiffs' businesses as well as the probability of future economic benefits to Plaintiffs inasmuch as Plaintiffs intend to operate their businesses indefinitely in the future.

117. Defendants had knowledge of these interests and relationships. Nevertheless, Defendants undertook actions that were designed to disrupt Plaintiffs' business, deceive the public (including Plaintiffs' current and prospective customers), wrongfully infringe on Plaintiffs' intellectual property rights and cause economic harm to Plaintiffs, as set forth hereinabove.

118. Plaintiffs' business interests and relationships have suffered actual disruption and losses as a result of the actions and inactions of Defendants, as set forth above. Defendants' wrongful conduct was a substantial factor in causing harm to Plaintiffs' as set forth hereinabove.

MYERS ANDRAS LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

119. Said disruption and losses caused by Defendants' acts have resulted in economic harm to Plaintiffs, in amounts according to proof at trial.

120. Plaintiffs are informed and believe that the conduct of Defendants was willful, intentional, malicious and oppressive and constitute despicable conduct. Defendants' conduct entitles Plaintiffs to an award of punitive damages against Defendants, in amounts to be ascertained at trial.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for judgment as follows:

1. As to the First and Second Claims for Relief:

   a. That Defendants, their agents and servants be enjoined from infringing Plaintiffs' copyright in any manner;

   b. That Plaintiffs be awarded all profits of Defendants plus all damages sustained by Plaintiffs arising from the foregoing acts of infringement, the exact sums to be proven at the time of trial;

   c. That Plaintiffs be awarded pre-judgment interest allowed by law; and

   d. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

2. With respect to the Second and Third Claims for Relief:

   a. That Defendants, their agents and servants be enjoined from unfair, unlawful and/or fraudulent business practices, and unfair, deceptive, untrue or misleading advertising;

   b. That Plaintiffs be awarded all profits of Defendants plus all damages sustained by Plaintiffs arising from the foregoing acts, the exact sums to be proven at the time of trial;

   c. That Plaintiffs be awarded pre-judgment interest allowed by law;

   d. For statutory damages on all applicable claims;

   e. For compensatory and punitive damages on all applicable claims;

   f. For a return of Defendants' profits, ill-gotten gains, and unjust enrichment on all applicable claims;

MYERS ANDRAS LLP
19900 MacArthur Blvd.
Suite 1150
Irvine, CA 92612

g. For reasonable attorney's fees according to proof on all applicable claims;

h. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Dated: June 5, 2017

*/s/Joseph C Andras*

Joseph C. Andras (State Bar # 138181)
andras@myersandras.com

MYERS ANDRAS LLP
19900 MacArthur Blvd., Suite 1150
Irvine, CA 92612

Phn: (949) 223-9600
Fax: (949) 223-9610

Phillip Ashman (State Bar #145136)
pashman@mcqueenashman.com

Brian A. Kumamoto (State Bar #156398)
bkumamoto@mcqueenashman.com

McQUEEN & ASHMAN LLP
19900 MacArthur Blvd., Suite 1150
Irvine, CA 92612
Phn: (949) 223-9601
Fax: (949) 223-9611

Attorneys for Plaintiffs
Paramount Restyling Automotive Inc. and
Warner Science Applications

## JURY TRIAL DEMAND

The plaintiff hereby demands a jury trial in this action pursuant to Federal Rule of Civil Procedure 38 and the Seventh Amendment of the U.S. Constitution.

Dated: June 5, 2017

*/s/Joseph C Andras*

Joseph C. Andras (State Bar # 138181)
andras@myersandras.com

MYERS ANDRAS LLP
19900 MacArthur Blvd., Suite 1150
Irvine, CA 92612

Phn: (949) 223-9600
Fax: (949) 223-9610

Phillip Ashman (State Bar #145136)
pashman@mcqueenashman.com

Brian A. Kumamoto (State Bar #156398)
bkumamoto@mcqueenashman.com

McQUEEN & ASHMAN LLP
19900 MacArthur Blvd., Suite 1150
Irvine, CA 92612
Phn: (949) 223-9601
Fax: (949) 223-9611

Attorneys for Plaintiffs
Paramount Restyling Automotive Inc. and
Warner Science Applications